By the Court, Cowen, J.
The learned judge was clearly right. The plaintiff has mistaken his remedy. He was no doubt entitled to bring trespass for the first taking; but he waited till the defendant had acquired a title by the second levy, or at least a right to hold and sell the mare under the second execution. The second levy was in force when the writ of replevin was sued out and served. It differs not the case, that an irregular sale had been made in virtue of the first. The irregularity might have been rectified had not the mare been taken by the writ.
In order to maintain replevin, the plaintiff must show a right to have delivery of the property at the time of the issuing of the writ. (Wheeler v. Train, 3 Pick. 255, 258.) The proceeding is partly in rem, and unlike trespass or trover, which seeks damages only. It is not therefore universally true that replevin will lie where trespass de honis may be brought.
Some other points are made by the plaintiff’s counsel, but they are clearly untenable.
New trial denied.